IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| BILL MULLEN and MICHELLE MULLEN,<br><br>Plaintiffs,<br><br>vs.<br><br>HEINKEL FILTERING SYSTEMS, INC. and PEPPERL & FUCHS, INC.,<br><br>Defendants. | No. C12-2084<br><br>RULING ON MOTION TO CONTINUE TRIAL AND MODIFY SCHEDULING ORDER |

On the 28th day of August 2013, this matter came on for hearing on the Combined Motion to Continue Trial Date, Modify Scheduling Order, and for Regular Discovery Conferences (docket number 17) filed by the Plaintiffs on August 9, 2013. Plaintiffs were represented by their attorney, Steven J. Crowley. Defendant Heinkel Filtering Systems, Inc. was represented by its attorney, Stephen G. Olson. Defendant Pepperl & Fuchs, Inc. was represented by its attorney, J. Campbell Helton.

## I. PROCEDURAL HISTORY

Plaintiffs Bill Mullen and Michelle Mullen ("the Mullens") sued Defendants Heinkel Filtering Systems, Inc. ("Heinkel") and Pepperl & Fuchs, Inc. ("P&F") in the Iowa District Court for Floyd County for injuries sustained by Bill Mullen during the course of his employment at Cambrex in Charles City, Iowa. Mullen was injured while working on an "inverting filter centrifuge" manufactured by Heinkel. One of the components of the centrifuge, a "proximity sensor," was manufactured by P&F and sold to Heinkel for inclusion in the centrifuge. It is alleged that the centrifuge and component part were defective, resulting in Mullen's injury.

The action was removed to this Court on December 3, 2012. On December 7, Heinkel filed an answer denying the material allegations and asserting certain affirmative defenses. P&F answered on December 13.

On February 5, 2013, the Court adopted a proposed Scheduling Order and Discovery Plan submitted by the parties.[1] Among other things, the parties agreed that the Mullens would disclose their expert witnesses by May 1, 2013. Defendants were required to disclose their experts by July 1, with any rebuttal experts to be disclosed by August 1. On May 1 (the deadline for disclosing their expert witnesses), the Mullens filed an unresisted motion to extend the deadlines for disclosure of expert witnesses and completion of discovery. The Mullens asked that the deadlines be extended by two months. The Court granted the motion, requiring the Mullens to disclose their expert witnesses by July 1, with a November 1 deadline for completion of discovery. The parties were reminded that the deadline for filing dispositive motions (December 1, 2013) and the trial ready date (April 1, 2014) remained unchanged.

On August 9 — some 39 days *after* the deadline for disclosing their expert witnesses — the Mullens filed the instant motion. The Mullens ask that the deadline for disclosing their expert witnesses be extended to December 1, 2013.[2] The Mullens also ask that the deadlines for disclosure of Defendants' experts and their rebuttal experts also be extended accordingly, with the trial ready date extended to October 1, 2014. Additionally, the Mullens ask that the parties be given until February 1, 2014 to amend their pleadings.

---

[1] The only change made by the Court was to extend the trial ready date from March 1, 2014 to April 1, 2014. This change was made so that the trial ready date would be at least 120 days after the deadline for filing dispositive motions.

[2] The motion asks that the Court change the deadline "from the current date of May 1, 2013 until December 1, 2013." As set forth above, the deadline was previously extended from May 1 to July 1.

2

## II. RELEVANT FACTS

In their motion, the Mullens state that interrogatories and requests for production of documents were served "on the defendants" on March 22, 2013. Heinkel served its responses on May 17, 2013.[3] The record is silent regarding when P&F responded to the Mullens' written discovery requests. The Mullens were dissatisfied with the responses received from Heinkel, and Mr. Crowley wrote to Mr. Olson on May 28, identifying those areas where he believed the responses were inadequate. Mr. Olson responded on June 7, acknowledging receipt of the correspondence and advising Mr. Crowley that he would respond further after discussing the matter with in-house counsel for Heinkel. On June 26, Mr. Olson replied further, responding point-by-point to Mr. Crowley's objections.

The record is imprecise regarding what other discovery has been conducted in this case. According to Heinkel's resistance, representatives of Heinkel and P&F, among others, performed inspections of the equipment involved in the accident on January 11, 2012 and February 17, 2012 — before the lawsuit was filed. Mr. Crowley advised the Court that he had contacted the engineer who inspected the machine on behalf of the workers' compensation carrier, but concluded that he was not qualified to testify as an expert.[4] Mr. Crowley could not tell the Court when that interview occurred. A subpoena was served on Cambrex to obtain maintenance records and other documents, and a response was received in May 2013.[5] While the parties have apparently discussed taking depositions of Mullen, other Cambrex employees, and a corporate representative of Heinkel, no depositions have been scheduled.

---

[3] At the hearing, counsel for Heinkel advised the Court that the Mullens have yet to respond to Heinkel's interrogatories, which were served "quite some time ago."

[4] Mullen is receiving workers' compensation benefits as a consequence of this work-related injury.

[5] It is unclear whether the subpoena was served by Plaintiffs or Defendants.

3

## III. DISCUSSION

In their instant motion, the Mullens ask that the pretrial deadlines be extended by approximately seven months. This would necessarily extend the trial ready date. The Mullens also ask that the parties be permitted to take more than 10 depositions, "so long as no party objects to any additional deposition noticed," and that the Court preside at regular discovery conferences.

A scheduling order may be modified only for good cause and with the judge's consent. FED. R. CIV. P. 16(b)(4). Here, the Mullens assert that the complex nature of the case and the difficulty in finding a qualified expert constitute "good cause" for a second extension of the pretrial deadlines. Defendants point to Rule 6(b), however, which requires, in addition to good cause, a showing that a motion to extend made after the time to act has expired resulted from "excusable neglect."[6] Here, the Mullens were required to disclose their expert witnesses not later than July 1. The instant motion to extend the deadline was not filed until August 9. At the hearing, Mr. Crowley candidly admitted that his failure to obtain an extension of the deadline was an "oversight."

The FEDERAL RULES OF CIVIL PROCEDURE do not define "excusable neglect," and the courts have struggled somewhat in giving it a precise meaning. At one point, it was the law in the Eighth Circuit that excusable neglect would not be found unless the failure to act was due to circumstances beyond a party's reasonable control. *See, e.g., Vogelsang v. Patterson Dental Co.*, 904 F.2d 427, 431 (8th Cir. 1990) ("Excusability will not be found when the failure to timely file an appeal is caused by palpable oversight,

---

[6] FEDERAL RULE OF CIVIL PROCEDURE 6(b)(1)(B) states:
> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> . . .
> on motion made after the time has expired if the party failed to act because of excusable neglect.

4

administrative or clerical errors by the attorney or the attorney's staff, [or] an attorney's busy schedule."). Other circuits took a broader view of what constituted "excusable neglect." To resolve the circuit conflict, the Supreme Court granted *certiorari* in *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993).[7] There, the Court found that "'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* at 392. Following *Pioneer* the Eighth Circuit Court of Appeals recognized, as it must, that when analyzing a claim of excusable neglect, the Court must take into account "all relevant circumstances surrounding the party's omission." *Fink v. Union Central Life Ins. Co.*, 65 F.3d 722, 724 (8th Cir. 1995) (citing *Pioneer*, 507 U.S. at 395).

In determining whether excusable neglect or good cause for an extension exists, the Court may consider four factors:

    (1)    the danger of prejudice to the non-moving party;

    (2)    the length of delay and its potential impact on judicial proceedings;

    (3)    the reason for the delay, including whether it was within the reasonable control of the movant; and

    (4)    whether the movant acted in good faith.

*Treasurer, Trustees of Drury Industries, Inc. Healthcare Plan and Trust v. Goding*, 692 F.3d 888, 893 (8th Cir. 2012) (citing *Pioneer*). However, the four *Pioneer* factors do not

---

[7] *Pioneer* actually involved an interpretation of Bankruptcy Rule 9006(b)(1), but the Court found that Rule 9006(b)(1) was patterned after Rule 6(b) of the FEDERAL RULES OF CIVIL PROCEDURE and the term "excusable neglect" may be interpreted the same in both. Similarly, the term "excusable neglect" found in FEDERAL RULE OF APPELLATE PROCEDURE 4(a)(5) is interpreted the same. *Fink v. Union Central Life Ins. Co.*, 65 F.3d 722, 724 (8th Cir. 1995).

5

Case 6:12-cv-02084-EJM   Document 23   Filed 09/04/13   Page 5 of 9

carry equal weight. The "key" to the analysis is the movant's reason for missing the filing deadline.

> The four *Pioneer* factors do not carry equal weight; the excuse given for the late filing must have the greatest import. While prejudice, length of delay, and good faith might have more relevance in a closer case, the reason-for-delay factor will always be critical to the inquiry. We acknowledge, of course, that the Supreme Court has said that neglect need not be "caused by circumstances beyond the control of the movant" to be excusable, *Pioneer*, 507 U.S. at 392, and that a finding of sufficient innocence on the part of the movant is not a condition precedent to our obligation to consider the other equitable factors, *see id.* at 395 n.14. But at the end of the day, the focus must be upon the nature of the neglect.

*Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000). "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (quoting *Pioneer*, 507 U.S. at 392).

Here, the "prejudice" which may be caused to the non-moving parties is the potential of having to respond to a late-designated expert. That prejudice may be mitigated, however, by extending the deadlines for completion of discovery and allowing Defendants to disclose additional experts, if necessary.[8] Regarding the length of the delay, the Mullens did not file the motion for extension until 39 days after the deadline had expired. If the motion is granted, the delay will necessarily require a resetting of pretrial deadlines and an extension of the trial ready date. Regarding the fourth factor, there is no indication that the movants have failed to act "in good faith."

---

[8] On August 30, 2013 — two days before the deadline for disclosing its expert witnesses — Heinkel filed a notice designating George Wandling as an expert witness. (It was subsequently noted on the docket that discovery material is not to be filed.)

The "critical" factor regarding whether excusable neglect has been established, however, is "the reason for the delay, including whether it was within the reasonable control of the movant." *Lowry*, 211 F.3d at 463. Here, Mr. Crowley candidly admits that his failure to timely move for a second extension of the deadline for disclosing expert witnesses was an "oversight." That is, Mr. Crowley cannot, and does not, attribute the delay to any external forces or any actions taken by Defendants. According to Mr. Crowley, he was "consumed with the discovery dispute" and simply forgot about the deadline for disclosing expert witnesses.

The Court believes Plaintiffs have shown a lack of urgency regarding discovery. The action was filed in state court in September 2012 and removed to this Court on December 3, 2012. The Mullens did not submit written discovery requests, however, until March 22, 2013. When Heinkel served its responses on May 17, the Mullens were dissatisfied with the answers and Mr. Crowley wrote to Mr. Olson on May 28. By June 26, it was apparent that the parties could not agree regarding the appropriate scope of written discovery. Nonetheless, the Mullens have yet to file any motion to compel or otherwise seek court intervention on this issue.

It is also noteworthy that the Mullens have not taken effective action in securing an expert witness. Apparently, Heinkel has produced more than 3,500 pages of documents in response to the Mullens' written discovery requests. At about the same time, the Mullens received voluminous material from Cambrex in response to a subpoena. While these documents were all received in mid-May — more than three months ago — the Mullens have yet to locate an expert, or provide a prospective expert with the relevant document discovery. It may be that an expert witness would not be able to give his or her opinion regarding the cause of the accident until after depositions are concluded or a site visit conducted, but presumably the expert could have been located and the analysis started

by now. Moreover, while Mr. Crowley asserts the depositions are necessary before any expert opinion can be reached, the efforts to schedule the depositions have been minimal.

In short, it appears to the Court that the Mullens did not aggressively pursue discovery in this case, or take those actions necessary to timely secure an expert witness. Then, nearly six weeks after the deadline for disclosing their expert witnesses, the Mullens seek a lengthy extension in the deadlines so that they may pursue the discovery which could have taken place months ago. *If* the Court finds "excusable neglect" under these circumstances, then it is difficult to imagine circumstances where excusable neglect would *not* be found. As the Court found in *Lowry*, what we have here is "garden-variety attorney inattention." 211 F.3d at 464 ("If we were to apply the excusable neglect standard to require that we deem Lowry's neglect excusable in this case, it's hard to fathom the kind of neglect that we would not deem excusable.").

Because the Mullens have not shown excusable neglect for their late-filed motion to extend the deadline to disclose their expert witnesses, the Court finds that part of the motion should be denied. FED. R. CIV. P. 6(b)(1)(B). Regarding the remaining relief requested in the instant motion, however, the Mullens need only show good cause. FED. R. CIV. P. 6(b)(1)(A). The remaining deadlines include: designation of Plaintiffs' rebuttal experts (October 1, 2013), completion of discovery (November 1, 2013), filing dispositive motions (December 1, 2013), and the trial ready date (April 1, 2014). The Mullens ask that those deadlines be extended by approximately seven months.

This case has been pending for nearly one year (nine months in this Court), with not a lot to show for it. Nearly four months ago, Heinkel produced more than 3,500 pages in documents, and Cambrex responded to a subpoena. No depositions have been scheduled.[9] No site inspection has been scheduled. Plaintiffs have not located an expert

---

[9] The Mullens' request to take more than 10 depositions is premature. At this
(continued...)

witness. No effort has been made to resolve an apparent discovery dispute. In short, it is not clear that the Mullens have shown "good cause" for any extensions. Nonetheless, in an effort to avoid any prejudice to the Mullens, the Court will extend the remaining deadlines by three months.

## ORDER

IT IS THEREFORE ORDERED that the Combined Motion (docket number 17) filed by the Plaintiffs is **DENIED in part** and **GRANTED in part** as follows:

1. Plaintiffs' request to extend the deadline for disclosing their expert witnesses is **DENIED**.

2. The deadline for Plaintiffs to disclose their rebuttal experts is **EXTENDED** to **January 1, 2014**.

3. The discovery deadline is **EXTENDED** to **February 1, 2014**.

4. The deadline for filing dispositive motions is **EXTENDED** to **March 1, 2014**.

5. The trial ready date is **EXTENDED** to **July 1, 2014**.

DATED this 4th day of September, 2013.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA

---

[9] (...continued)
point, they have not identified 10 persons who they wish to depose.